**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| SENTINEL INSURANCE COMPANY, LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MICHAEL COGAN, JOHN POWER, GREG | ) | No. |
| MARSHALL, JON PAPIN, COGAN & POWER, | ) | |
| P.C., MCNABOLA LAW GROUP, P.C. f/k/a | ) | |
| COGAN & MCNABOLA, P.C., MARK | ) | |
| MCNABOLA, AND EDWARD MCNABOLA, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, Sentinel Insurance Company Limited ("Sentinel"), by and through its attorneys, Tressler LLP, and for its Complaint for Declaratory Judgment against the Defendants, Michael Cogan, John Power, Greg Marshall, Jon Papin, and Cogan & Power, P.C. ("Cogan Defendants"), and McNabola Law Group, P.C., Mark McNabola, and Edward McNabola ("the McNabola Defendants"), states as follows:

**STATEMENT OF THE CASE**

1.      This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, to determine an actual controversy between the parties, concerning the rights and obligations arising under an insurance policy issued by Sentinel to Cogan & Power (hereinafter "the Sentinel Policy").  This action seeks a declaration that Sentinel owes no coverage obligations under the Sentinel Policy with respect to the claims against the Cogan Defendants in a lawsuit entitled *McNabola Law Group, P.C. f/k/a Cogan & McNabola, P.C., Mark McNabola, & Edward McNabola v. Michael Cogan, John Power, Greg Marshall, Jon*

*Papin, & Cogan & Power, P.C.*, Case No. 12-cv-651, currently pending in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois (the "*McNabola* Suit").

## PARTIES

2.     Sentinel is an insurance company formed under the laws of the State of Connecticut and is principally located in Hartford, Connecticut.

3.     Upon information and belief, Michael Cogan is a resident and citizen of Illinois.

4.     Upon information and belief, John Power is a resident and citizen of Illinois.

5.     Upon information and belief, Greg Marshall is a resident and citizen of Illinois.

6.     Upon information and belief, Jon Papin is a resident and citizen of Illinois.

7.     Cogan & Power, P.C. ("the Cogan Firm") is an Illinois professional corporation with its principal place of business in Illinois.

8.     Upon information and belief, Mark McNabola is a resident and citizen of Illinois, and has been joined as a defendant to this lawsuit as an interested party.

9.     Upon information and belief, Edward McNabola is a resident and citizen of Illinois, and has been joined as a defendant to this lawsuit as an interested party.

10.     McNabola Law Group, P.C. is an Illinois professional corporation with its principal place of business in Illinois, and has been joined as a defendant to this lawsuit as an interested party.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest, and Sentinel is not a citizen of any state in which any of the Defendants is a citizen.

12.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 as this case involves a claim for coverage under an insurance policy issued within this District for a suit which is pending within the geographical boundaries of this District, and the Defendants are residents of and/or do business within this District.

**FACTUAL BACKGROUND**

13.    On July 1, 2014, McNabola Law Group, P.C., Mark McNabola, and Edward McNabola filed the *McNabola* Suit against the Cogan Firm, Cogan, Power, and Marshall arising from the departure of Cogan, Power, and Marshall from the McNabola Law Group, P.C. and the formation of the Cogan firm.  See Ex. A.

14.    On September 14, 2014, the Cogan Firm, Cogan, Powell, and Marshall appeared and filed an Answer.

15.    Upon information and belief, on August 29, 2014, Jon Papin, an attorney at the Cogan Firm, sent an email to Cook County, Illinois Circuit Judge John Callahan's law clerk, Ed Samuelson, concerning a case in which he formerly represented a party, which stated:

> I already had the Swichtenberg distribution Order (see attached). I am interested in the documents supporting McNabola's petition for fees and costs.  I built almost every inch of the Swichtenberg case.  And I am proud of the craftsmanship that caused J&R Schugel Trucking with a $2 million "burning policy" (and surrounded by multiple shell corporations to insulate itself) paying arguably more than $7 million of its own personal money to settle the case. Having built this case I know when things are wrong. And everything about the most recent motion seems wrong!!  Who brings an "emergency motion" to approve settlement and to seal the court records (motion to impound)?  My answer is someone who does NOT want supporting documents in the court file. Before the "emergency motion" had you seen Mark McNabola appear, even once, in court on this case?
>
> As we discussed, it is my suspicion that Mark McNabola may have expensed the hourly bills from the Williams & Montgomery "shellbusters" against the client's share of settlement monies.  In my opinion it is unlikely Mike McNabola

3

deducted the cost of these lawyer's fees which might have run as high as $80,000, from his 1/3 attorney's fees. Absent an agreement with the clients, this is unethical. As long as I worked the file 2009-2012 there was no such agreement in place with the clients. As I indicated Mark initially hired a nationally prominent shell buster, Danny Thomas, out of Independence, Missouri, but then reneged as the agreed 8% fee would have come out of Mark's share. Afterwards Mark hired Williams & Montgomery on an hourly basis to do the shell busting.

One solution might be to provide this information to Judge Callahan and see what, if anything, he wants to do with it? If Judge Callahan was so inclined, he could ask Mark McNabola to send over the motion with supporting documentation and leave it with you? If my suspicions are misplaced then I am wrong, but my conscience is clean. If however, my suspicions are correct then you saved his clients from being taken advantage of by an unethical lawyer, and spared the court unknowing participation in Mark's scheme.

16.     Upon information and belief, on September 11, 2014, the McNabola Defendants sent a letter to the Cogan Defendants complaining of Papin's communication with the Court on August 29, 2014, and demanding that they cease and desist from making defamatory statements about the McNabola Defendants.

17.     On October 23, 2014, the McNabola Defendants filed a Motion for Leave to File a First Amended Complaint ("Motion for Leave") and notified the Cogan Defendants of the Motion for Leave on that date. See Ex. B.

18.     On October 30, 2014, the McNabola Defendants were granted leave to file and in fact filed a First Amended Complaint against the Cogan Firm, Cogan, Power, Marshall, and Papin. A true and accurate copy of the First Amended Complaint is attached as Exhibit C.

19.     The First Amended Complaint alleges causes of action for (1) Breach of Fiduciary Duty by Cogan and Power, (2) Aiding and Abetting a Breach of Fiduciary Duty by Marshall, (3) Tortious Interference with Prospective Advantage by Cogan, Power and Marshall, (4) Conspiracy by Cogan, Power, Marshall, and the Cogan Firm, (5) Conversion by Marshall and the

4

Cogan Firm, (6) Violation of Illinois Deceptive Trade Practice Act by the Cogan Firm, (7) Breach

of Contract by Cogan, (8) Defamation *Per Se* by Papin, and (9) Vicarious Liability for Defamation

*Per Se* by the Cogan Firm.

20.     The First Amended Complaint attaches a Certificate of Service, which states that

(1) service of the First Amended Complaint was made upon Cogan, Power, Marshall, and the

Cogan Firm via email and U.S. mail on October 30, 2014, and (2) notice of the First Amended

Complaint was also sent upon Jon Papin via an email sent to his work email address

(jpapin@coganpower.com) and via regular mail on October 30, 2014.

## SENTINEL POLICY

21.     Sentinel issued an insurance policy numbered 83 SBA JZ7639 to Cogan & Power,

P.C. for the policy period of May 31, 2014 to May 31, 2015, which provides certain general

liability and umbrella liability coverages ("the Sentinel Policy").  A copy of the Sentinel Policy is

attached hereto as Exhibit D.

22.     Subject to all of its terms, the business liability coverage in the Sentinel Policy

provides, in part as follows:

### BUSINESS LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage.  Read the entire policy
carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured
shown in the Declarations.  The words "we," "us" and "our" refer to the stock
insurance company member of The Sentinel providing this insurance.

The word "insured" means any person or organization qualifying as such under
SECTION **C.**– WHO IS AN INSURED.

Other words and phrases that appear in quotation marks have special meaning.
Refer to SECTION **G.** – Liability And Expense Definitions.

**A.     COVERAGES**

1. **BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)**

   **Insuring Agreement**

   a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.

   We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" that may result. . .

   \*       \*       \*

   b.  This insurance applies:

   (1)  To "bodily injury" and "property damage" only if:

   (a)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   (b)  The "bodily injury" or "property damage" occurs during the policy period; . . .

   \*       \*       \*

   (2)  To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

   \*       \*       \*

B.  **EXCLUSIONS**

   1.  Applicable To Business Liability Coverage

   This insurance does not apply to:

   a.  **Expected Or Intended Injury**

   (1)  "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property; or

6

**(2)** "Personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".

\*    \*    \*

**p.**    **Personal and Advertising Injury**

"Personal and advertising injury":

**(1)** Arising out of oral, written or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity; . . .

\*    \*    \*

**(4)** Arising out of any breach of contract, except an implied contract to use another's "advertising idea" in your "advertisement";

\*    \*    \*

**(7)** Arising out of any violation of any intellectual property rights such as copyright, patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity.

However, this exclusion does not apply to infringement, your "advertisement", of:

**(a)** Copyright;

**(b)** Slogan, unless the slogan is also a trademark, trade name, services mark or other designation of origin or authenticity;

**(c)** Title of any literary or artistic work.

\*    \*    \*

**(10)** Arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatags, or any other similar tactics to mislead another's potential customers.

\*    \*    \*

**(12)** Arising out of:

**(a)** An "advertisement" for others on your web site;

**(b)** Placing a link to a web site of others on your web site;

**(c)** Content from a web site of others displayed within a frame or border on your web site. Content includes information, code, sounds, text, graphics or images; or

**(d)** Computer code, software or programming used to enhance:

**(i)** Your web site; or

**(ii)** The presentation or functionality of an "advertisement" or other content on your web site;

\*     \*     \*

**E.** **LIABILITY AND MEDICAL EXPENSES GENERAL CONDITIONS**

\*     \*     \*

**2.** **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

\*     \*     \*

**a.** **Notice of Occurrence or Offense**

You or any additional insured must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** **Notice of Claim**

If a claim is made or "suit" is brought against any insured, you or any additional insured must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and

**(2)** Notify us as soon as practicable

You or any additional insured must see to it that we receive a written notice of the claim or "suit" as soon as practicable.

**c.** **Assistance And Cooperation Of The Insured**

You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation, settlement of the claim or defense against the "suit";

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

\*     \*     \*

**G.** **LIABILITY AND MEDICAL EXPENSES DEFINITIONS**

**1.** "Advertisement" means the widespread public dissemination of information or images that has the purpose of inducing the sale of goods, products, or services through:

**a.** **(1)** Radio;

**(2)** Television;

**(3)** Billboard;

**(4)** Magazine;

**(5)** Newspaper;

**b.** The Internet, but only that part of a web site that is about goods, products or services for the purpose of inducing the sale of goods, products or services; or

**c.** Any other publication that is given widespread public distribution.

However, "advertisement" does not include:

**a.** The design, printed material, information or images contained in, on or upon the packaging or labeling of any goods or products; or

    **b.**    An interactive conversation between or among persons through a computer network.

**2.**    "Advertising idea" means any idea for an "advertisement."

*     *     *

**5.**    "Bodily injury" means physical:

    **a.**    Injury;

    **b.**    Sickness; or

    **c.**    Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

*     *     *

**16.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**17.**    "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

    **a.**    False arrest, detention or imprisonment;

    **b.**    Malicious Prosecution;

    **c.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that the person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.**    Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services;

    **e.**    Oral, written or electronic publication of material that violates a person's right to privacy;

    **f.**    Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement";

    **g.**    Infringement of copyright, slogan, or title of any literary or artistic work in your "advertisement"; or

    **h.**    Discrimination or humiliation that results in injury to the feelings or reputation of a natural person.

*     *     *

10

20. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of "occurrence" that caused it.

As used in this definition, "electronic data" is not tangible property.

*    *    *

(See, Exhibit D)

23. The Sentinel Policy includes an endorsement, which provides as follows:

**LIMITED EXCLUSION – PERSONAL AND ADVERTISING INJURY - LAWYERS**

This endorsement modifies insurance provided under the following:

**BUSINESS LIABILITY COVERAGE FORM**

A. Exclusion **1.j.** Professional Services of Section **B. Exclusions** is changed to replace **1.j.(1)** with the following:

    **j.(1)** Accounting or advertising services;

B. The following is added to Exclusion **p.** "**Personal and Advertising Injury**" of Section **B.** Exclusions;

This insurance does not apply to "personal and advertising injury" arising out of the rendering of or failure to render professional services as a lawyer.

*    *    *

(See, Exhibit D)

24. The Sentinel Policy includes an endorsement, which provides the following relevant language:

A. Subparagraph 1.p. (7), (8), (15) of Paragraph 2., of Section B. Exclusions is deleted and replaced with the following:

**p.** **Personal and Advertising Injury:**

    **(7) (a)** Arising out of any actual or alleged infringement or violation of any intellectual property right, such as copyright, patent,

trademark, trade name, trade secret, service mark or other designation of origin or authenticity; or

**(b)**  Any injury or damage alleged in any claim or "suit" that also alleges an infringement or violation of any intellectual property right, whether such allegation of infringement or violation is made by you or by any other party involved in the claim or "suit", regardless of whether this insurance would otherwise apply.

However, this exclusion does not apply if the only allegation in the claim or "suit" involving any intellectual property right is limited to:

**(1)**  Infringement, in your "advertisement", of:

**(a)**  Copyright;

**(b)**  Slogan; or

**(c)**  Title of any literary or artistic work; or

**(2)**  Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement".

(See, Exhibit D)

25.  Subject to all of its terms, the umbrella liability coverage in the Sentinel Policy

provides, in part as follows:

**UMBRELLA  LIABILITY  PROVISIONS**

\*      \*      \*

**SECTION I - COVERAGES**

**INSURING AGREEMENTS**

**A.**  **Umbrella Liability Insurance**

**1.**  We will pay those sums that the "insured" becomes legally obligated to pay as "damages" in excess of the "underlying insurance" or of the "self-insured retention" when no "underlying insurance" applies, because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies caused by an "occurrence". But, the amount we will pay as "damages" is limited as described in **Section IV — LIMITS OF INSURANCE.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Section II - INVESTIGATION, DEFENSE, SETTLEMENT**.

**2.** This insurance applies to "bodily injury", "property damage" or "personal and advertising injury" only if:

    **a.** The "bodily injury", "property damage" or "personal and advertising injury" occurs during the policy period; and

*    *    *

**SECTION VI - CONDITIONS**

*    *    *

**C.** **Duties In The Event Of Occurrence, Claim or Suit**

    **1.** You must see to it that we are notified as soon as practicable of an "occurrence" which may result in a claim under this policy.

*    *    *

    This duty applies separately to you and any additional insured.

*    *    *

**SECTION VII - DEFINITIONS**

**Except as otherwise provided in this section or amended by endorsement, the words or phrases that appear in quotation marks within this policy shall follow the definitions of the applicable "underlying insurance" policy.**

**A.** **"Accident"** includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

*    *    *

**D.** **"Damages"** means a monetary award, monetary settlement or monetary judgment. "Damages" include prejudgment interest awarded against the "insured" on that part of the judgment we pay.

    The following are not considered "damages" and are not covered by this policy:

    **1.** Fines, penalties, sanctions or taxes;

    **2.** Attorney's fees and costs associated with any non-monetary relief awarded against the "insured"; or

    **3**. any monetary award, monetary settlement or monetary judgment for which insurance is prohibited by the law(s) applicable to the construction of his policy.

*    *    *

**F.** **"Occurrence"** means:

13

**1.** With respect to "bodily injury" or "property damage", an "accident", including continuous or repeated exposure to substantially the same general harmful conditions; and

\* \* \*

(See, Exhibit D)

26. The Sentinel Policy includes an endorsement, which modifies the umbrella coverage and provides:

### FOLLOWING FORM ENDORSEMENT -

### PERSONAL AND ADVERTISING INJURY

This endorsement modifies insurance provided under the following:

### UMBRELLA POLICY PROVISIONS

Exclusion B.4 (Section I – Coverages), is replaced by the following:

**4.** Personal and Advertising Injury

This policy does not apply to "personal and advertising injury".

EXCEPTION

This exclusion does not apply to the extent that coverage for such "personal and advertising injury" is provided by "underlying insurance", but in no event shall any "personal and advertising injury" coverage provided under this policy apply to any claim or "suit" to which "underlying insurance" does not apply. Any coverage restored by this EXCEPTION applies only to the extent that such coverage provided by the "underlying insurance" is maintained having limits as set forth in the Schedule of Underlying Insurance Policies.

(See, Exhibit D)

27. The Sentinel Policy includes an endorsement, which modifies the umbrella coverage and provides:

### EXCLUSION – LAWYERS PROFESSIONAL LIABILITY

This endorsement modifies insurance provided under the following:

### SPECTRUM UMBRELLA LIABILITY SUPPLEMENTAL CONTRACT

This insurance does not apply to "bodily injury," "property damage," or "personal and advertising injury arising out of the rendering of or failure to render professional legal services by a lawyer or by any other person performing such legal services.

(See, Exhibit D)

28.     The Cogan Defendants have sought coverage for the *McNabola* Suit under the Sentinel Policy and Sentinel has denied it owes defense or indemnity obligations.

29.     An actual controversy exists between the parties with respect to their respective duties and obligations under the subject policy.  This Court has the power to make binding declarations of the rights and duties of the parties herein, and to adjudicate the dispute between the parties herein.

### COUNT I- Late Notice

30.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 29 above as if fully set forth herein.

31.     The Sentinel Policy requires as a condition precedent to coverage that Sentinel be notified of an "occurrence" or an offense which may result in a claim "as soon as practicable."

32.     The Sentinel Policy also requires as a condition precedent to coverage that Sentinel be notified of a claim or "suit" as soon as practicable.

33.     The Sentinel Policy requires as a condition precedent to coverage that any insured immediately forward any claim or suit papers to Sentinel.

34.     Upon information and belief, the Cogan Defendants received the letter from the McNabola Defendants complaining of Papin's communication with the Court and demanding that they cease and desist from making defamatory statements on or about September 11, 2014, received notice of the McNabola Defendants Motion for Leave on or about October 23, 2014, and received the First Amended Complaint on or about October 30, 2014.

35.     Sentinel first received notice of the *McNabola* Suit and the matters alleged therein on July 1, 2015.

36.     The Cogan Defendants failed to provide timely notice of any "occurrence" or offense giving rise to the *McNabola* suit, the claims described in the *McNabola* Suit, and the *McNabola* Suit itself as required by the Sentinel Policy.

37.     The Cogan Defendants have breached the notice conditions in the Sentinel Policy and whatever coverage otherwise available for the *McNabola* Suit is forfeited.

38.     Accordingly, Sentinel has no duty to defend or indemnify the Cogan Defendants for the *McNabola* Suit.

WHEREFORE, Plaintiff, Sentinel prays that this Court enter the following relief:

      A.     Finding that Sentinel owes no duty to defend or indemnify the Cogan Defendants in the *McNabola* Suit; and

      B.     For all such just and equitable relief, including costs for this suit.

**COUNT II- No "Bodily Injury" Or "Property Damage" Caused By an "Occurrence"**

39.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 38 above as if fully set forth herein.

40.     Subject to all of their terms, the Sentinel Policy provide coverage for claims for "damages" because of "property damage" or "bodily injury" caused by an "occurrence" as those terms are defined and used in the Sentinel Policy.

41.     The *McNabola* Suit does not allege claims for "damages" because of "property damage" or "bodily injury" caused by an "occurrence."

16

42.     Therefore, Sentinel has no duty to defend or indemnify the Cogan Defendants for the *McNabola* Suit.

WHEREFORE, Plaintiff, Sentinel prays that this Court enter the following relief:

A.     Finding that Sentinel owes no duty to defend or indemnify the Cogan Defendants in the *McNabola* Suit; and

B.     For all such just and equitable relief, including costs for this suit.

**COUNT III- No Coverage for Damages Not Caused By "Personal and Advertising Injury"**

43.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 42 above as if fully set forth herein.

44.     Subject to all of its terms, the Sentinel Policy provides coverage for claims for "damages" because of "personal and advertising injury" as that term is defined by the policy.

45.     Counts I through VII of the *McNabola* Suit do not allege claims for "damages" because of "personal and advertising injury" as those terms are defined and used in the Sentinel Policy.

46.     Sentinel owes no coverage obligation for Counts I through VII of the *McNabola* Suit.

WHEREFORE, Plaintiff, Sentinel prays that this Court enter the following relief:

A.     Finding that Sentinel owes no coverage to the Cogan Defendants for Counts I through VII of the *McNabola* Suit; and

B.     For all such just and equitable relief, including costs for this suit.

**COUNT IV - Professional Services Exclusions**

47.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 46 above as if fully set forth herein.

48.     The Sentinel Policy's business liability and umbrella policy coverages exclude any "personal or advertising injury" arising out of the rendering of or failure to render professional services as a lawyer.

49.     To the extent the *McNabola* Suit alleges any "personal and advertising injury," all "personal and advertising injury" alleged in the *McNabola* Suit arises out of the rendering of or failure to render professional services as a lawyer.

50.     Thus, Sentinel has no duty to defend or indemnify the Cogan Defendants in the *McNabola* Suit.

WHEREFORE, Plaintiff, Sentinel prays that this Court enter the following relief:

A.      Finding that Sentinel owes no duty to defend or indemnify the Cogan Defendants in the *McNabola* Suit; and

B.      For all such just and equitable relief, including costs for this suit.

**COUNT V- Intellectual Property Exclusion**

51.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 50 above as if fully set forth herein.

52.     The Sentinel Policy excludes all "injury or damage alleged in any claim or suit" that also alleges an infringement or violation of any intellectual property right," which includes any "designation of origin or authenticity."

53.     To the extent the *McNabola* Suit alleges any "personal and advertising injury," all "personal and advertising injury" alleged in the *McNabola* Suit falls within the Intellectual Property exclusion in the Sentinel Policy.

54.     Accordingly, Sentinel has no duty to defend or indemnify the Cogan Defendants for the *McNabola* Suit.

WHEREFORE, Plaintiff, Sentinel prays that this Court enter the following relief:

A.      Finding that Sentinel owes no duty to defend or indemnify the Cogan Defendants in the *McNabola* Suit; and

B.      For all such just and equitable relief, including costs for this suit.

### COUNT VI - Personal and Advertising Injury Exclusion

55.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 54 above as if fully set forth herein.

56.     The Sentinel Policy's umbrella liability coverage provides "in no event shall any 'personal and advertising injury' coverage provided under this policy apply to any claim or 'suit' to which 'underlying insurance' does not apply."

57.     Because the Sentinel Policy's business liability insurance provides no "personal or advertising injury" coverage for the *McNabola* Suit, this exclusion applies and the umbrella liability coverage provides no "personal and advertising injury" coverage for the *McNabola* suit.

58.     Thus, Sentinel has no duty to defend or indemnify the Cogan Defendants for these claims in the *McNabola* Suit

WHEREFORE, Plaintiff, Sentinel prays that this Court enter the following relief:

A.   Finding that Sentinel owes no duty to defend or indemnify the Cogan

Defendants in the *McNabola* Suit; and

B.   For all such just and equitable relief, including costs for this suit.

### COUNT VII –Expected or Intended Injury Exclusion

59.   Plaintiff incorporates and restates the allegations of Paragraphs 1 through 58 above as if fully set forth herein.

60.   The Sentinel Policy's exclusion B.1.a. excludes any "personal or advertising injury" "arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting 'personal and advertising injury.'"

61.   To the extent the *McNabola* Suit alleges "personal and advertising injury," any "personal and advertising injury" alleged in the *McNabola* Suit falls within exclusion B.1.a.

WHEREFORE, Plaintiff, Sentinel prays that this Court enter the following relief:

A.   Finding that Sentinel owes no duty to defend or indemnify the Cogan

Defendants in the *McNabola* Suit; and

B.   For all such just and equitable relief, including costs for this suit.

### COUNT VIII – Knowledge of Falsity Exclusion

62.   Plaintiff incorporates and restates the allegations of Paragraphs 1 through 61 above as if fully set forth herein.

63.   The Sentinel Policy's exclusion B.1.p.(1) excludes any "personal or advertising injury … [a]rising out of oral, written or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity.'"

20

64. To the extent the *McNabola* Suit alleges "personal and advertising injury," any "personal and advertising injury" alleged in the *McNabola* Suit falls within exclusion B.1.p.(1).

WHEREFORE, Plaintiff, Sentinel prays that this Court enter the following relief:

A. Finding that Sentinel owes no duty to defend or indemnify the Cogan Defendants in the *McNabola* Suit; and

B. For all such just and equitable relief, including costs for this suit.

## COUNT IX – Breach of Contract Exclusion

65. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 64 above as if fully set forth herein.

66. The Sentinel Policy's exclusion B.1.p.(4) excludes any "personal or advertising injury ... [a]rising out of any breach of contract, except an implied contract to use another's 'advertising idea' in your 'advertisement.'"

67. To the extent the *McNabola* Suit alleges "personal and advertising injury," any "personal and advertising injury" alleged in the *McNabola* Suit falls within exclusion B.1.p.(4).

WHEREFORE, Plaintiff, Sentinel prays that this Court enter the following relief:

A. Finding that Sentinel owes no duty to defend or indemnify the Cogan Defendants in the *McNabola* Suit; and

B. For all such just and equitable relief, including costs for this suit.

## COUNT X –Unauthorized Use Exclusion

68. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 67 above as if fully set forth herein.

69.     The Sentinel Policy's exclusion B.1.p.(10) excludes any "personal or advertising injury … [a]rising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatags, or any other similar tactics to mislead another's potential customers.'"

70.     To the extent the *McNabola* Suit alleges "personal and advertising injury," any "personal and advertising injury" alleged in the *McNabola* Suit falls within exclusion B.1.p.(10).

WHEREFORE, Plaintiff, Sentinel prays that this Court enter the following relief:

A.     Finding that Sentinel owes no duty to defend or indemnify the Cogan Defendants in the *McNabola* Suit; and

B.     For all such just and equitable relief, including costs for this suit.

### COUNT XI – Web Site Advertisement Exclusion

71.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 70 above as if fully set forth herein.

72.     The Sentinel Policy's exclusion B.1.p.(10) excludes any "personal or advertising injury" arising out of "[a]n 'advertisement' for others on your web site," "[p]lacing a link to a web site of others on your web site," "[c]ontent from a web site of others displayed within a frame or border on your web site," or "[c]omputer code, software or programming used to enhance… [y]our web site; or [t]he presentation or functionality of an 'advertisement' or other content on your web site."

73.     To the extent the *McNabola* Suit alleges "personal and advertising injury," any "personal and advertising injury" alleged in the *McNabola* Suit falls within exclusion B.1.p.(12).

WHEREFORE, Plaintiff, Sentinel prays that this Court enter the following relief:

A.     Finding that Sentinel owes no duty to defend or indemnify the Cogan

Defendants in the *McNabola* Suit; and

B.     For all such just and equitable relief, including costs for this suit.

Respectfully submitted,

SENTINEL CASUALTY INSURANCE COMPANY

By: _____ /s/ Michael J. DiSantis _____
One of Its Attorneys

Michael J. Duffy (mduffy@tresslerllp.com)
Michael J. DiSantis (mdisantis@tresslerllp.com)
TRESSLER LLP
Willis Tower, 22nd Floor
233 South Wacker Dr.
Chicago, Illinois 60606
(312) 627-4000